**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
Respondent,

v.

**Rodney Samuel FLAHARTY, Dallas Flaharty and Russell Jenkins,**
Appellants.

**No. WD 36856.**

Missouri Court of Appeals,
Western District.

March 18, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1986.

Application to Transfer Denied
June 17, 1986.

Elgene Ver Dught, Higginsville, for appellants.

John E. Turner and Michael J. Maloney (Popham, Conway, Sweeny, Fremont &

Bundschu, of counsel), Kansas City, for respondent.

Before CLARK, C.J., and PRITCHARD and BERREY, JJ.

PRITCHARD, Judge.

American Family issued its Missouri Basic Car Policy to appellant, Dallas Flaharty, who with his son, Rodney, operated two newspaper delivery routes in Lafayette County. On August 29, 1983, Rodney was driving one of the vehicles on a route when a single vehicle accident occurred, and passenger, Russell Jenkins, was injured. Russell subsequently filed a personal injury action against Rodney and Dallas.

American Family filed a declaratory judgment action seeking a determination that there was no liability coverage under the policy because Russell Jenkins was an employee of Rodney, engaged in folding newspapers on the route at the time of his injury, who was excluded from bodily injury coverage under paragraph 4 of the Exclusions provisions of the policy.

The parties are in dispute as to whether Russell Jenkins was an employee at the time of the accident. On September 14, 1983, Rodney gave a statement on the telephone to William Hughes, American Family's claims representative. The statement was recorded and admitted into evidence. Rodney then stated that he hired Jenkins to fold newspapers, that he paid him out of money he received from Dallas, and that Jenkins had been working for him about a week. In a later, October 11th, statement, Rodney said he paid Jenkins $80 per week, in cash, to fold newspapers. In a recorded statement on September 22, 1983, to the claims representative, Dallas said that Rodney paid Jenkins $80 per week to fold newspapers.

At trial, Rodney, Dallas and Russell Jenkins all testified that Jenkins was not an employee. Rodney further testified that the night of the accident was the first time that Jenkins had ridden with him, but later said it was the fourth time; that Jenkins was a volunteer, that he never promised to pay him anything, and he never did pay him anything, and he never did pay him anything to fold newspapers. Rodney testified that he was on medication when the recorded statements were taken, and that he told Hughes "the different stuff" because he wanted the bills to be paid in a hurry. Dallas testified that the statement he made to Hughes about Jenkins' employment status was not true, and that he told Hughes that Jenkins was an employee because he wanted his medical bills to be paid. In this connection, the Part II—Medical Expense Coverage has no purported exclusion for employees, but only to exclude it if "During the course of employment if benefits are payable or must be provided under a workers' compensation or disability benefits law or any similar law." Dallas testified that he did not carry workers' compensation insurance.

■ There was certainly sufficient evidence, in considering the credibility of the Flahartys' previous statements as contrasted to the testimony given at trial, to justify the trial court's conclusion that Jenkins was an employee at the time of his injury. *Mills v. Cameron Mutual Insurance Co.,* 674 S.W.2d 244, 246 (Mo.App.1984). See *State Farm Mutual Automobile Insurance Co. v. Ward,* 340 S.W.2d 635 (Mo. 1960). The trial court could accept or reject, all, part or none of the testimony. *Mills,* supra. But that determination does not affect the disposition of this case. In Point II, appellants say the exclusion provision is ambiguous, which, if so, would require a construction of coverage for the accident favorable to the insured, Dallas Flaharty.

The Exclusion states: "This coverage does not apply to:

\* \* \* \* \* \*

4. Bodily injury:
   a. To an employee of an insured person arising in the course of employment.
   b. For which the insured person or his or her insurer may be held liable

under any workers' compensation or disability benefits law or any similar law."

Appellants contend that the exclusion clause should be read as one exclusion with two elements, sub-parts a. and b., and thus the exclusion would apply only when the employee is covered by workers' compensation. American Family's view is that clauses a. and b. contain two exclusions that operate independently, so that the clause (a.) applies where the employee is one of an insured person arising out of the course of employment even though the employee is not covered by workers' compensation.

Section 303.190, subd. 5, RSMo 1978 (Amended, Laws 1981, p. 431, § 1.), provides that a "motor vehicle liability policy need not insure any liability under any workers' compensation law nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, * * *." American Family's policy Exclusion 4, sub-parts (a) and (b) cover both of the statutorily permitted exclusions under § 303.190–5. The public policy of the state is thus declared in the statute. It should be noted that had Dallas Flaharty elected (under § 287.090, subd. 2, RSMo 1978) to be covered by workers' compensation under sub-part (b), not only would the instant motor vehicle policy not cover that liability, but Russell Jenkins would not then be entitled to maintain an action against his employer under the common law remedy in tort for his bodily injuries. Section 287.120 subd. 2.

Exclusion 4, sub-parts (a) and (b), are not ambiguous as contended by appellants. Rather, the sub-parts which follow the statutorily permitted exclusions must be read independently of each other and not conditionally, as contended by appellants. The trial court did not err in finding that Russell Jenkins was an employee of the insured and that the exclusion was not ambiguous, and in declaring that the policy afforded no coverage for the insured's liability.

The judgment is affirmed.

All concur.