**TRUCK INSURANCE EXCHANGE, INC., Respondent,**

v.

**April VASSHOLZ, Appellant,**

and

**Sin Suk Ulmer, Respondent.**

No. WD 45157.

Missouri Court of Appeals, Western District.

July 28, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1992.

Application to Transfer Denied Oct. 27, 1992.

Michael D. Gibbons, Kansas City, for appellant.

Lance W. LeFevre, Kansas City, for respondent Truck Ins. Exchange, Inc.

John Edmund Turner, Kansas City, for respondent Sin Suk Ulmer.

Before SHANGLER, P.J., and KENNEDY and SMART, JJ.

KENNEDY, Judge.

The issue in the present case is whether April Vassholz's loss of the tips of two fingers of her right hand was excluded from her employer's liability insurance policy coverage by language which excluded "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured...." The trial court, in a declaratory judgment action brought by Truck Insurance Exchange, the insurance carrier, held that April Vassholz's injury came within such language and it was excluded from coverage thereby, and entered judgment for the insurer. April Vassholz has appealed to this court.

The salient facts are as follows: April Vassholz was employed by owner Sin Suk Ulmer at Bannister Liquor and Deli. She had worked there about six months when the accident occurred. Her duties included selling liquor, making sandwiches, slicing the meat if the meat ran out, cleaning the store and the like. Sin Suk Ulmer's family sometimes helped out at the store, including her son and her son's wife.

Sin Suk Ulmer's son had asked his wife to make up a cheese tray at the store. The son would take this cheese tray to a Christmas party at his office. The son did not plan to pay for the cheese tray and did not do so. Apparently, he was not expected to do so. Making up cheese trays for customers was not part of Bannister Liquor and Deli's business, except cheese trays from which to make sandwiches within the deli.

April Vassholz undertook the task of making up the cheese tray. It is not agreed whether she volunteered to do so, or whether she was asked by son's wife to do so. At any rate, she did it. The task involved slicing cheese on a slicing machine. When April Vassholz was finished with the task, and while she was cleaning the machine, she accidentally sliced off the tip ends of two fingers on her right hand. Son's wife was managing the store on this evening, and was standing nearby when April Vassholz was cleaning the cheese slicer and when the accident occurred.

■ The trial court was correct in holding as a matter of law that April Vassholz's injury was an injury "arising out of and in the course of her employment" by Sin Suk Ulmer.

■ The language of the exclusion clause is lifted from § 287.120.1, RSMo 1986, of the Workers Compensation Law, and is given the same interpretation. *Automobile Club Inter–Insurance Exchange v. Bevel*, 663 S.W.2d 242 (Mo. banc 1984).

■ Although not raised or argued by the parties, the question occurs whether the employee exclusion from liability coverage is applicable where there is actually no workers compensation coverage. April Vassholz was not within workers compensation protection, since Sin Suk Ulmer had fewer than four employees, *see* § 287.090.1(2), RSMo Supp.1991. The meaning or the validity of the employee exclusion from public liability coverage, however, does not depend upon the presence or absence of actual workers compensation coverage. The policy contains a separate exclusion of injuries covered by workers compensation. If the employee exclusion of the public liability policy were applicable only in cases of actual workers compensation coverage, the exclusion would be redundant, for the injury would be excluded under the workers compensation exclusion. The employee exclusion stands on its own. *American Family Mutual Insurance Co. v. Flaharty*, 710 S.W.2d 5, 6–7 (Mo.App.1986).[1]

Is there some public policy which would invalidate the exclusion? We think not. Although we are not dealing with an exclusion from automobile liability coverage, cases dealing with automobile liability policy exclusions shed some light on this question. Some automobile liability exclusions have been held invalid because in conflict with § 303.190.2(2) and § 303.025, RSMo, of The Motor Vehicle Safety Responsibility Law. *See, Baker v. DePew*, Slip Op., Mo. Court of Appeals, W. Dist., No. WD 45187, date June 19, 1992—pp. 4, 5, Footnote 1–4, 1992 WL 122133. The employee exclusion, however, which we have before us in this case, is specifically permitted by § 303.190.5. *See, American Family Mutual Insurance Co. v. Flaharty*, 710 S.W.2d at 7. We are aware of no public policy which would invalidate the employee exclusion in the public liability policy we have before us.

It is clear that April Vassholz's injury arose out of her employment, and occurred in the course of it. It is true that the preparation of the food tray was not part of the normal business of the store, but it took place on the employer's premises, by the employer's machinery, on the employer's time. April Vassholz was being paid by the employer, and in fact was paid for the entire day. Employer Sin Suk Ulmer considered her business a family business; she had no objection to the preparation of

---

1. An employer's liability insurance policy (or, more accurately, employers' liability *coverage*), unlike Sin Suk Ulmer's liability policy, is designed to protect the employer from common law liability for an employee's injury or death while engaged in his employment, such as April Vassholz's claim in the present case. An employer's liability policy, instead of excluding employees' employment injuries, as does Sin Suk Ulmer's, requires proof the injury was employment-incurred to bring it within the policy coverage. *See,* 45 Am.Jur.2d, *Insurance,* Sec. 721.

the cheese tray. It was April Vassholz's employment that placed her at the time and place and in the circumstances to be injured. Her task was done under the eye of her supervisor, the daughter-in-law of Sin Suk Ulmer. April Vassholz's preparation of the cheese tray was not any purely personal deviation from her employment.

It does not rescue April Vassholz's claim that the task in which she was engaged at the time of her injury did not advance the business interests of her employer. The case is ruled by *Tyra v. Delta Veterinary Clinic, Inc.*, 687 S.W.2d 931 (Mo.App.1985); *Nichols v. Davidson Hotel Company*, 333 S.W.2d 536 (Mo.App.1960); and *Staten v. Long Turner Construction Co.*, 185 S.W.2d 375, 379 (Mo.App.1945).

We have closely considered the cases cited by April Vassholz in support of her argument that her preparation of the cheese tray was purely a personal favor unconnected with her employment. The facts of each case are different from the present case in some significant point, and none of them rules our case.

The judgment of the trial court is affirmed.

SMART, J., concurs.

SHANGLER, P.J., files separate opinion concurring in result.

SHANGLER, Judge, concurring in *result.*

The employee Vassholz waged her contention for coverage under the business liability policy of employer Sin Suk Ulmer on the premise that her injury did not arise out of and in the course of the employment by the insured. The policy issued by Truck Insurance Exchange to employer Sin Suk Ulmer excluded coverage for *bodily injury to an employee of the insured arising out of and in the course of his employment by the insured.* The policy also excluded coverage for *any obligation for which the insured ... as employer may be held liable under any workmen's compensation law.* The circuit court entered summary judgment for the employer's insurer, Truck Insurance Exchange, on its petition for de-

claratory judgment that coverage to the employer Sin Suk Ulmer was excluded by the "bodily injury to an employee of the insured arising out of and in the course of his employment by the insured" exclusion of the policy. The principal opinion, and correctly, sustains the order of the trial court that there was no genuine issue of material fact that the injury to Vassholz arose out of and in the course of her employment by Sin Suk Ulmer, the insured. That fact was concluded in favor of the insurer Truck Insurance Exchange as a matter of law through the deposition testimony of the claimant Vassholz and insured Sin Suk Ulmer.

I concur in that rationale, and, if I read aright, the only adjudicated rationale, of the principal opinion. I do not concur, however, in the incidental advice that "the employee exclusion from liability coverage is applicable where there is actually no workers' compensation coverage." The employer Sin Suk Ulmer had fewer than four employees, so Vassholz was not within the scheme of workers' compensation. How that fact impinges on coverage under the policy, and hence the obligation of the insurer under the policy to indemnify the employer for any liability adjudged in favor of the employee, is a question of law neither presented nor decided by the summary judgment proceeding. It is the rule that on appeal the grant of summary judgment must be affirmed if, as a matter of law, it is sustainable on any theory. *McCready v. Southard*, 671 S.W.2d 385, 387[1] (Mo.App. 1984).

It was the theory of the declaratory judgment petition that Vassholz' injury arose out of and in the course of employment by Sin Suk Ulmer, and so was excluded from coverage by the provision of the policy. It was the theory of the Vassholz counterclaim for declaratory judgment that her injury was outside her employment by Sin Suk Ulmer, so that the policy exclusion was not applicable. That issue of fact, and thus the operation of the exclusion to deny coverage, was concluded in favor of the insurer. That is the summary judgment

the principal opinion sustains. That is the opinion in which I concur.

That theory of litigation and of summary judgment and of appellate opinion assume the validity of the exclusion. I am unwilling to subscribe to the notion, even if only as benign dictum, that "[t]he meaning or validity of the employee exclusion from public liability coverage ... does not depend upon the presence or absence of actual workers' compensation coverage." It is a question of law that remains open. It is only recently that the validity and even fairness of such "employee of an insured" exclusion provisions in a liability policy, when inserted without purpose to the insured as an employer, have been brought into question. That is because the purpose of policy exclusions is to limit the insurer's liability, whereas the policy's reason for being is to protect the insured against liability.

In this case, the literal language of the employee exclusion—assumed as valid by the litigants and hence by our opinion—contradicts the purpose of the policy Truck Insurance Exchange issued to Sin Suk Ulmer. Its purpose was to protect Sin Suk Ulmer against liability from her delicatessen-liquor store business activity. That business employed less than four employees and so Vassholz was not covered by the workers' compensation law. Yet the policy excluded not only "bodily injury to an employee of the insured arising out of and in the course of his employment by the insured," but also excluded "any obligation for which the insured as employer may be held liable under any workmen's compensation law."

Obviously, the latter exclusion provision, standing alone, could not have prevented coverage for the claim of employee Vassholz even if—as the summary judgment concludes—it arose out of and in the course of employment. That is because there was no obligation for which the insured employer might be held to the claimant employee under the workers' compensation law. Yet, although not unanimous, the authority abounds that where an employer's public liability insurance policy excludes from coverage claims by employees of the insured, "that term is treated as the equivalent of a reference to those persons who are entitled to compensation under the workmen's compensation act." 12 Couch on Insurance 2d § 44A:73 (Rev ed. 1981); *Ron Burton, Inc. v. Villwock*, 477 So.2d 596, 600 (Fla.App. 1985).[1] That is because the objective of both exclusions is to protect the employer from duplicate expense for work related injury to an employee already covered by workers' compensation insurance. *Baker v. DePew*, WD 45187, adopted June 9, 1992.

It is not enough to say, as does the principal opinion, that "[i]f the employee exclusion of the public liability policy were applicable only in cases of actual workers compensation coverage, the exclusion would be redundant, for the injury would be excluded under the workers' compensation exclusion." It is not its redundancy that makes the "employee exclusion" as well as the "workers compensation exclusion" egregious: it is its presence in the policy to Sin Suk Ulmer at all. That insured employer was not operating under the workers' compensation law, and never was. It was not exposed to double payment for an employment injury, and so the exclusions accomplished nothing for the insured except to expose her as employer to uninsured personal liability.

It is not quite to the point to argue that § 303.190.5 specifically permits the employee exclusion in a policy of automobile liability insurance. First of all, I do not argue or even suggest that an employee exclusion provision in a liability policy is invalid. I argue only that as a matter of "contract," or more nearly precisely, liability policy provision, that an exclusion that subtracts coverage arbitrarily is of suspect validity. The requirement of coverage or allowance of an exclusion by statute, of course, is an entirely different matter. Section 303.190.5, in any event, expresses as public policy, what many authorities conclude the

---

1. *Contra, American Family Mutual Insurance Co. v. Flaharty*, 710 S.W.2d 5 (Mo.App.1986), a decision of this court cited by the principal opinion, is without rationale and stands alone.

"employee exclusion" and "workers' compensation exclusion" subserve: that only one compensation for the same injury will be recovered. *Baker v. DePew, supra.*

That the "employee exclusion" may not violate "some public policy," does not end the matter, as the principal opinion seems to suppose. The exclusion is suspect as a matter of standardized agreements. It is *too late in the day to continue to cling to the mythology* of a liability insurance policy as a "contract" in the classic sense of terms negotiated by actual consent. It is, rather, a contract of adhesion. *Estrin Constr. Co. v. Aetna Casualty & Sur. Co.,* 612 S.W.2d 413, 422 (Mo.App.1981). These contracts come in standard forms. The coverages are standard as are the exclusions. The "employee exclusion" and the "workers' compensation exclusion," for instance, are typically inserted in automobile, premises, homeowners, business, and other liability policies, whether they have a due function or not. It is because the insured literally adheres from want of choice, and not by negotiated choice, that the law treats them differently. *Id.* at 419.

It is enough to say that under § 211(3), *Standardized Agreements,* Restatement (Second) of Contracts (1981), where the party who prepared the form agreement "has reason to believe that the party manifesting such assent would not do so if he knew that the writing contained a particular term, the term is not part of the agreement." In the circumstance of an employer operating outside the workers' compensation law, the "employee exclusion" was without function to protect the employer insured from liability for injury to an employee. The insurer, the preparer of the form agreement, had reason to believe that the insured Sin Suk Ulmer, who assented by adherence only, would not have done so had she known that the exclusion arbitrarily denied her coverage for claims against her by employees for tortious injury arising out of the employment, injuries not otherwise compensable.

I believe that under the developed and enlightened law, the efficacy of the "employee exclusion" in the liability policy issued to Sin Suk Ulmer depended upon an obligation of that employer to the injured employee Vassholz for workers' compensation. In the circumstances presented, that law would allow coverage to the employer insured for the injury claim of the employee. I believe that under the developed and enlightened law the "employee exclusion" was an unexpected term to which the drafter of the agreement, the insurer, had reason to believe the insured would not assent had it been known to her.

For these reasons I concur only in the result of the principal opinion.