# United States Court of Appeals
## For the Eighth Circuit

_____

## No. 12-2446
_____

Gear Automotive

*Plaintiff - Appellant*

v.

Acceptance Indemnity Insurance Company

*Defendant*

Wilshire Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 14, 2012
Filed: March 18, 2013

_____

Before SMITH, BEAM, and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

In this insurance coverage dispute, Gear Automotive, L.L.C., appeals from the district court's[1] grant of summary judgment in favor of its insurer, Wilshire Insurance Company.[2] We affirm.

## I. BACKGROUND

The facts are undisputed. Robert Gear is the sole owner and member of Gear Automotive, L.L.C.,[3] an automobile dealership. At its inception, Robert was also the manager and sole employee of Gear Automotive. In 2008, Gear Automotive hired an additional employee, Robert's brother, Darrell Gear. Gear Automotive did not purchase workers' compensation insurance for 2008.

On October 25, 2008, unidentified persons vandalized and stole items from Gear Automotive. After investigating, police advised Robert that the perpetrators would probably return and suggested that he monitor the property that evening. Accordingly, Robert and Darrell devised a plan in which Darrell would monitor the

---

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

[2]Originally, Gear Automotive commenced an action against Acceptance Indemnity Insurance Company. At some point prior to litigation, the insurance policy at issue in this case was amended to reflect that Wilshire replaced Acceptance Indemnity as the insurer. Accordingly, Gear Automotive added Wilshire as a defendant and moved to voluntarily dismiss its claims against Acceptance Indemnity. In the same order containing its summary judgment ruling, the district court granted Gear Automotive's motion to dismiss Acceptance Indemnity. Therefore, this opinion will refer only to Wilshire as the insurer. And, while there are references in the state court judgment to "Allied Insurance," these allusions appear to be scrivener's error.

[3]Gear Automotive, L.L.C., is a limited liability company organized as a separate entity under the Missouri Limited Liability Company Act. See Mo. Rev. Stat. §§ 347.010 et seq.

property from the inside and Robert would monitor the outside of the property from across the street. To aid Darrell in monitoring the inside of the business that evening, Robert hired Joe Posner for $100.

At some point in the evening, Darrell informed Robert that he heard a noise and Robert drove from across the street to the business to investigate. As he entered the premises, Robert observed individuals quickly leaving in a car. Robert pursued the vehicle but was unable to catch up and returned to the business. When Robert returned, he noticed unknown individuals standing inside the building. As Robert started to approach the individuals by foot, another individual came running out of the building. In pursuit, Joe Posner also exited the building and fired a gunshot, striking Robert in the leg.

At the time, Gear Automotive had commercial garage liability insurance with Wilshire. Robert made a demand for personal injury damages, seeking the Wilshire policy's liability limits. Wilshire denied the claim. On April 23, 2010, Robert commenced action against Gear Automotive in Missouri state court. The complaint alleged that Robert was an employee of Gear Automotive. In Count I, the complaint alleged that Robert was entitled to damages without regard to Gear Automotive's negligence as Gear Automotive failed to procure workers' compensation insurance. In Count II, the complaint alleged that Gear Automotive acted negligently in failing to ensure its employees a reasonably safe working environment, in failing to provide suitable instrumentalities to its employees, and in failing to ensure that suitable instrumentalities were safely used. On December 10, 2010, the state court entered judgment against Gear Automotive, reflecting a purported settlement between Robert and the company for $350,000. In the judgment, the parties stipulated that Robert was not an employee of Gear Automotive. Robert also agreed that he would not seek to execute upon the judgment against Gear Automotive except to the extent that the company was entitled to insurance proceeds from relevant insurance coverage.

On March 11, 2011, Gear Automotive filed suit in Missouri state court against Wilshire, alleging bad faith refusal to settle, breach of contract, and vexatious refusal to settle. Wilshire removed the case to federal court and the parties filed competing motions for summary judgment.

In moving for summary judgment, Wilshire argued, among other things, that two policy exclusions barred coverage. First, Wilshire relied on the Employee Indemnification And Employer's Liability exclusion ("Employee exclusion"), which excluded coverage for:

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:
(1) Employment by the "insured"; or
(2) Performing the duties related to the conduct of the "insured's" business.

According to Wilshire, because Robert was an "employee" of Gear Automotive and suffered a "bodily injury" while in the course of his employment, the Employee exclusion excluded coverage. Second, Wilshire relied on the Fellow Employee exclusion, which excluded coverage for: "'Bodily injury' to any fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employee's' employment or while performing duties related to the conduct of your business." As Wilshire explained, because Robert and Joe Posner were both employees of Gear Automotive, the Fellow Employee exclusion excluded coverage for the injuries Joe Posner caused Robert during the course of their employment.

Notwithstanding Wilshire's reliance on the aforementioned exclusions, the district court sua sponte ordered the parties to brief the applicability of the Workers' Compensation exclusion. The Workers' Compensation exclusion excluded coverage

-4-

for "[a]ny obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law." Ultimately, the district court concluded that the Workers' Compensation exclusion applied because Gear Automotive could have purchased workers' compensation insurance, thus triggering Missouri's Workers' Compensation Act. Accordingly, the district court granted Wilshire's motion for summary judgment. Gear Automotive appeals.

## II. DISCUSSION

"We review a district court's grant of summary judgment de novo, including its interpretation of state law." Raines v. Safeco Ins. Co. of Am., 637 F.3d 872, 875 (8th Cir. 2011). The parties agree that Missouri law applies to this case. When reviewing a grant of summary judgment, "[w]e may affirm the judgment of the district court on any basis disclosed in the record, whether or not the district court agreed with or even addressed that ground." Interstate Bakeries Corp. v. OneBeacon Ins. Co., 686 F.3d 539, 542 (8th Cir. 2012) (internal quotation omitted).

Here, without addressing the policy exclusions that formed the basis of Wilshire's original motion for summary judgment, the district court ordered the parties to brief the applicability of the Workers' Compensation exclusion and ultimately held that such exclusion barred coverage. Gear Automotive argues that the Worker's Compensation exclusion does not apply because, having fewer than five employees, Gear Automotive is exempt from Missouri's Workers' Compensation Act. See Mo. Rev. Stat. § 287.030.1(3) (providing that employers must have at least five employees to be deemed an employer under the Workers' Compensation Act). And, unlike the district court, we question the applicability of the Workers' Compensation exclusion in this case. However, we need not resolve that question, because we conclude the Employee exclusion fully applies under the circumstances of this action.

-5-

An employer purchases general liability insurance "to cover its liability to the public for negligence of its agents, servants and employees under the doctrine of respondeat superior." Am. Family Mut. Ins. Co. v. Tickle, 99 S.W.3d 25, 29 (Mo. Ct. App. 2003) (emphasis omitted) (quotation omitted).  Indeed, commercial general liability insurance "does not cover the insured's obligations under a workers' compensation policy or bodily injury to the insured's employees arising out of the employment." Id.  Because commercial general liability policies are not intended to cover employee injuries, such policies usually contain an employee exclusion "to draw a sharp line between employees and members of the general public." Id. (quotation omitted).

The policy at issue here follows these general principles.  The policy's Garage Coverage Form provides a broad grant of liability coverage:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".
>
> We have the right and duty to defend any "insured" against a "suit" asking for these damages.

For the purposes of liability coverage, the following are deemed an "insured":

> (1)  You.
> (2)  Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

After giving the broad grant of coverage, the policy excludes coverage for:

> "Bodily injury" to:
> a.  An "employee" of the "insured" arising out of and in the course of:

(1)     Employment by the "insured."

As the policy language indicates, the Employee exclusion "requires [(1)] that the injured party be an employee of the insured and [(2)] that the injury arise out of and in the course of that employment." Baker v. DePew, 860 S.W.2d 318, 321 (Mo. 1993) (en banc).  The policy does not provide a meaningful definition for the term "employee," and Missouri precedent instructs that we turn to its Workers' Compensation Act for a definition.  Tickle, 99 S.W.3d at 29.  That Act defines "employee" as "every person in the service of any employer . . . under any contract of hire, express or implied, oral or written, or under any appointment or election, including executive officers of corporations."  Mo. Rev. Stat. § 287.020.1.

Notwithstanding this broad definition of "employee," according to Gear Automotive, the policy is ambiguous because it is not clear whether "employees" can also be "members."  Further, Gear Automotive argues that the Employee exclusion does not apply to Robert because he was a "member" of Gear Automotive, and the Employee exclusion only applies to an "employee."  We reject Gear Automotive's misbegotten attempt to make the terms "employee" and "member" mutually exclusive. Not only does the Workers' Compensation Act recognize the unremarkable proposition that members may also operate as employees, see Mo. Rev. Stat. § 287.037, but Robert's role within the company as exemplified by its operating agreement is a prime example of how a member may also serve in an employee capacity.

Like the definition of "employee," because the policy does not define the term "member," we look to Missouri law to supply a definition. See Ward v. Allstate Ins. Co., 514 S.W.2d 576, 578 (Mo. 1974) (en banc) (recognizing that state statutory provisions are part of all insurance contracts "as if such provisions were written into them" (quotation omitted)).  Section 347.015(11) of Missouri's Limited Liability Company Act defines a "member" as

-7-

any person that signs in person or by an attorney in fact, or otherwise is a party to the operating agreement at the time the limited liability company is formed and is identified as a member in that operating agreement and any person who is subsequently admitted as a member in a limited liability company.

By definition, then, once a person becomes a "member," that label remains until "an event of withdrawal occurs with respect to such person." Id. Therefore, because Robert signed the operating agreement and was identified as a member, he was a member at the time he suffered his injuries.

But this conclusion does not preclude Robert from also being an employee because, as the definition indicates, the term "member" merely signifies that a person has an interest in a limited liability company, and Missouri's Limited Liability Company Act does not restrict members to such a limited role. See Mo. Rev. Stat. § 347.010 et seq. And, indeed, in the present case, the operating agreement appoints Robert as manager, which required him to control the day-to-day operations of the business. Moreover, Robert testified that when Gear Automotive opened, he was the only employee.

Because of Robert's multiple roles in the company, we evaluate the "level of [his] actual participation in the business" to determine if he is an "employee." Busby v. D.C. Cycle Ltd., 292 S.W.3d 546, 553 (Mo. Ct. App. 2009) (determining that shareholder-officer was properly deemed an employee even in light of her sporadic activity at her business). Here, the undisputed facts reveal the following. Gear Automotive had appointed Robert to control the day-to-day operations of the company, and Robert generally engaged in the same daily duties as his brother Darrell, which primarily consisted of selling cars. After the initial break-in, Robert devised a plan with Darrell to monitor Gear Automotive. When the actual shooting occurred, Robert was approaching the building to investigate suspicious activity. When Robert suffered his gunshot injury, he was engaged in the same type of duties

as his brother Darrell, a Gear Automotive employee. Under these circumstances, we conclude that Robert was an "employee"[4] for purposes of applying the Employee exclusion. See Auto Owners Mut. Ins. Co. v. Wieners, 791 S.W.2d 751, 759 (Mo. Ct. App. 1990) (recognizing that when the facts are undisputed and only one conclusion can be drawn from those facts, whether a person is an "employee" is a question of law).

Having concluded Robert was an employee, we now turn to the second requirement of the Employee exclusion–the injury must arise out of and in the course of employment. Because this exclusionary language is borrowed from Missouri's Workers' Compensation Act, the exclusion is given the same interpretation. Vassholz, 839 S.W.2d at 23. "[A]n injury 'arises out of' the employment if it is a natural and reasonable incident thereof and it is 'in the course of employment' if the accident occurs within the period of employment at a place where the employee may reasonably be fulfilling the duties of employment." Auto. Club Inter-Ins. Exch. v. Bevel, 663 S.W.2d 242, 245 (Mo. 1984) (en banc) (per curiam). Whether an injury arises out of and in the course of employment is also a question of law. Id.

Here, we find a sufficient causal connection between Robert's employment and his injury. To be sure, Robert was shot as a direct result of his monitoring duties for Gear Automotive. And, too, Robert was injured on Gear Automotive's premises at a time reasonably related to his monitoring duties. Therefore, we conclude that Robert's injury arose out of and in the course of his employment with Gear Automotive.

---

[4]Robert's attempt in the state court proceedings to stipulate away his employee status at Gear Automotive appears to have been a sham exercise in derogation of uncontroverted evidence.

It is very unfortunate that Robert suffered a grievous injury that has resulted in substantial medical and disability losses. However, because the undisputed facts establish both elements of the Employee exclusion, Gear Automotive was not entitled to coverage. Ultimately, Robert, as an employee, attempts to recover under a policy of insurance that was not intended to cover Gear Automotive's liability to its employees. Accordingly, the district court properly granted summary judgment in favor of Wilshire.

## III.   CONCLUSION

We affirm.

_____