**MISSOURI OSTEOPATHIC FOUNDATION, d/b/a Charles E. Still Osteopathic Hospital, Appellant,**

v.

**William A. OTT, Respondent.**

**No. WD 36741.**

Missouri Court of Appeals, Western District.

Nov. 12, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 24, 1985.

Michael P. Riley, Carson, Monaco, Coil, Riley and McMillin, Jefferson City, for appellant.

John Landwehr, Cook, Vetter & Doerhoff, Jefferson City, for respondent.

Before SHANGLER, P.J., and TURNAGE, and BERREY, JJ.

TURNAGE, Judge.

The Hospital brought suit on account against William A. Ott for medical services given to his 15 year old daughter, Cindy. The court entered judgment in favor of Ott because he had not expressly agreed to pay for such care. On appeal, the Hospital contends that the legislature in § 431.062, RSMo Supp.1984, did not intend to require the express consent of the father to pay for medical services in this type of case. Affirmed.

Cindy was in the legal custody of her father but in January of 1984 was in the actual custody of her mother. Her mother took Cindy to the hospital for treatment of a condition which admittedly was not of an emergency nature. The mother consented to the treatment but did not agree to pay. No consent or agreement to pay was obtained from the father.

This controversy hinges on the language of §§ 431.061, RSMo 1978, and 431.062. The Hospital contends that the legislature did not intend to require the express consent of a parent to pay for medical treatment except in the case of pregnancy, venereal disease, drug or substance abuse.

In 1971, the legislature passed H.C.S. H.B. 73, Laws 1971, pp. 425–426. That Bill contained three sections. Section 1 provided that medical examination, treatment, hospitalization, and surgical care could be given to any person under the age of 21 years for pregnancy, excluding abortion; venereal disease; drug or substance abuse. Section 2 provided *inter alia* whenever a minor was examined, treated, hospitalized or received medical or surgical care under § 1, the parent, or parents, or legal guardian should not be liable for payment for

such care unless one of such persons expressly agreed to pay for such care.

When H.C.S.H.B. 73 was placed in the Revised Statutes, § 1 was numbered 431.061 and § 2 was numbered 431.062. In § 431.062 the reference to § 1 read "§ 431.061."

By laws 1977, p. 627, § 431.061 was repealed and a new section enacted. That section was expanded to provide that a number of persons were authorized to consent to any surgical, medical, or other treatment or procedure not prohibited by law. The revised sections included a provision that any minor could consent for himself to examination or treatment in cases of pregnancy, excluding abortion; venereal disease, drug or substance abuse.

By laws 1983, p. 849, § 431.062 was repealed and a new section was enacted. The new section re-enacted the old section except that the word "conservator" was substituted for "legal guardian." As the two sections now read with reference to the present controversy, § 431.061 empowers a number of people to consent to medical or surgical treatment and § 431.062 provides that whenever a minor is treated under § 431.061, the parents shall not be liable for payment unless they expressly agree to pay.

The Hospital contends that the intent of the legislature in 1971 was to require express agreement by a parent to pay for medical care only in the case of pregnancy, venereal disease, drug or substance abuse and that the repeal and re-enactment have not altered that original intent. The Hospital further contends that the current reference to § 431.061 in § 431.062 is the result of action by the revisor of statutes and such action now thwarts the intent of the legislature to require express agreement by a parent to pay for treatment only in the three instances which the original bill listed.

There can be no doubt of the authority of the legislature to repeal and re-enact § 431.061 to expand it beyond its original content. When the legislature repealed § 431.062 and re-enacted it in 1983, it is

presumed the legislature knew the provisions of § 431.061 as it read at that time. *Wellston Fire Protection Dist. v. State Bank & Trust Co.*, 282 S.W.2d 171, 176[8, 9] (Mo.App.1955). Thus, when the legislature reenacted § 431.062 with a provision referring to § 431.061 it knew that parents would not be liable for payment for medical care under § 431.061 unless they expressly agreed. The legislature could not in 1983 have intended that an express agreement was required only to pay for pregnancy, venereal disease, or drug or substance abuse when § 431.061 had been re-enacted to specify who could consent for virtually all emergency and non-emergency medical or surgical treatment.

■ The result is that by the plain language of § 431.062 a parent must expressly agree to pay for any treatment given under § 431.061. This court takes an unambiguous statute to mean what it says, because the legislature is presumed to have intended what a statute says. *State ex rel. DeGraffenreid v. Keet*, 619 S.W.2d 873, 876[1, 2] (Mo.App.1981).

■ Because the statute states in plain language that the cost of medical care given to Cindy may only be imposed upon the father if he expressly agreed to pay, and no such agreement appears, the court correctly determined that the father was not liable to the Hospital.[1]

The judgment is affirmed.

All concur.

---

1. The Hospital at least tacitly agrees that if the statute bars recovery against the father, there could be no recovery by it under the common law theory that a father is responsible for necessary medical treatment given to a child.