**NORTHLAND INSURANCE COMPANY, Plaintiff/Appellant,**

v.

**Richard L. BESS, et al., Defendants/Respondents.**

No. 62685.

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 23, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 11, 1994.

Application to Transfer Denied Feb. 22, 1994.

Lynn C. Rodgers, Springfield, for plaintiff/appellant.

Eric C. Harris, Flat River, Mike D. Murphy, Fredericktown, for defendants/respondents.

GRIMM, Judge.

Insurance company filed this declaratory judgment action. The only issue is the validity of the "employee exclusion" clause in a commercial automobile policy when an employee is not subject to the workers' compensation law. The trial court found the exclusion void as against public policy.

Company appeals; we reverse. The employee exclusion is expressly authorized by statute and thus is not contrary to public policy.

## I. Background

The underlying facts are not in dispute. On May 2, 1991, employee was driving a tractor trailer within the scope and course of his employment. He was involved in a single vehicle accident which resulted in his death.

Employer had no more than four employees; thus, the workers' compensation act did

not apply to him. § 287.090.1(2), RSMo Cum Supp.1992.* Nor had employer elected to bring himself within the provisions of the act. *See* § 287.090.2, RSMo Cum Supp.1992.

However, employer did have a commercial auto policy issued by company. Employee's family indicated to company their intention to assert a claim for damages resulting from employee's death. Further, they asserted that coverage existed under the policy.

Company claims it does not have any obligations to employer or employee's family under the policy. It bases its denial of coverage on the "employee exclusion" clause which states:

This insurance does not apply to:

\* \* \* \* \* \*

5. **Bodily injury** to any employee of the **Insured** arising out of and in the course of his or her employment by the **insured.** However, this exclusion does not apply to **bodily injury** to domestic employees not entitled to workers' compensation benefits.

## II. Validity of Exclusion

█ Section 303.025.1 of the Motor Vehicle Financial Responsibility Law (MVFRL) requires motor vehicle owners to maintain financial responsibility. This may be provided by a "motor vehicle liability policy which conforms to the requirements of the laws of this state." § 303.025.2.

The MVFRL contains certain exclusions when insurance is not required. The employee exclusion is found in § 303.190.5 which provides:

Such motor vehicle liability policy need not insure any liability under any workers' compensation law *nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment,* other than domestic, *of the insured,* or while engaged in the operation, maintenance or repair of any such motor vehicle.... (emphasis added).

A comparison of this statutory language with the policy's exclusion reveals that the policy exclusionary language is a paraphrase

of the statute. Thus, it appears that the policy exclusion is expressly authorized by the statute.

Although permitted by statute, employer and family contend that the exclusion violates the MVFRL and "recent decisions toppling various other exceptions." They assert the MVFRL is a "compulsory insurance law," quoting *Halpin v. American Family Mut. Ins. Co.,* 823 S.W.2d 479, 481 (Mo. banc 1992), and argue that "Missouri's public policy clearly mandates liability insurance for all." We disagree.

Although the MVFRL may be referred to as a compulsory insurance law, it does not require coverage in all situations. In *Baker v. DePew,* 860 S.W.2d 318 (Mo.banc 1993), the Missouri Supreme Court examined this same section, 303.190.5, as applied to a fellow employee. All of the policy requirements for exclusion from coverage were present, and the injured person was an employee of the insured. *Id.* at 324.

The court held the fellow employee exclusion clause was applicable and barred coverage. *Id.* The exclusion did not violate the MVFRL nor did it override the contract. *Id.*

Further, "recent decisions toppling various other exceptions" do not alter our conclusion. Employer and family refer us to *Halpin* ("household exclusion" clause); *American Standard Ins. Co. v. Dolphin,* 801 S.W.2d 413 (Mo.App.E.D.1990) ("passenger exclusion" clause); and *State Farm Mut. Auto. Ins. Co. v. Andrews,* 789 S.W.2d 144 (Mo.App.E.D. 1990) ("permissive users" and the "any insured" clause). These cases are not applicable because none involved a statute which specifically permitted the exclusion.

Also, employer and family refer us to cases from other jurisdictions in support of their position that the exclusion violates public policy. However, we need not look to other jurisdictions for guidance. Suffice to say, our supreme court in *Baker* held that a similar "fellow employee" exclusion does not violate public policy. *Baker,* 860 S.W.2d at 324.

Here, the General Assembly in plain language said that a "motor vehicle liability policy need not insure any liability ... on

---

* All statutory references are to RSMo 1986, unless otherwise noted.

account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured." § 303.190.5. Public policy is declared in the statute. *See American Family Mut. Ins. Co. v. Flaharty,* 710 S.W.2d 5, 7 (Mo.App.W.D.1986).

 Moreover, the General Assembly is presumed to have intended what a statute says. *Missouri Osteopathic Found. v. Ott,* 702 S.W.2d 495, 497 (Mo.App.W.D.1985). We can not give a different meaning and effect to a statute when its meaning is clear and unambiguous. *Missouri Div. of Employment Sec. v. Labor & Indus. Relations Comm'n,* 699 S.W.2d 788, 791 (Mo.App.E.D. 1985).

Here, the "employee exclusion" clause in employer's policy is consistent with public policy as expressed by the General Assembly. Therefore, the trial court's judgment is reversed. Pursuant to Rule 84.14, judgment is entered for plaintiff and against all defendants.

CARL R. GAERTNER, P.J., concurs.

CRAHAN, J., concurs.