In the Matter of Cyril A. KOLOCO-TRONIS, an incapacitated and disabled person, Appellant.

No. 67980.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 16, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1996.

Application to Transfer Denied
April 23, 1996.

RHODES RUSSELL, Judge.

Cyril A. Kolocotronis ("Ward") appeals the denial of his request for a jury trial in a hearing to determine whether the public administrator should be appointed as his successor guardian and conservator. We affirm.

Ward was found incompetent in a non-jury trial held on March 7, 1960. His mother, Mary Kolocotronis, was appointed the guardian of his person and estate.[1] On December 23, 1992, the probate division of the St. Louis Circuit Court ordered the transfer of the record of the ward's guardianship to the Probate Division of the Circuit Court of Callaway County. Stephen Reeves, Superintendent of Fulton State Hospital, filed a petition on May 17, 1993, requesting the removal of the ward's mother as guardian and conservator, the appointment of a successor guardian and conservator and for authorization for the ward to be admitted to a mental health facility. After a hearing held on February 8, 1994, the Callaway Court found that Mary Kolocotronis was confined to a nursing home and was suffering from the early stages of alzheimer's disease. Therefore, the court entered an order removing her as guardian and conservator.

The Callaway Court granted ward's request for a jury trial. However, the ward filed a motion for change of venue and the case was transferred back to the probate division of the St. Louis Probate Court. The ward again filed a motion for a jury trial with the new court. The St. Louis Probate Court denied the motion.[2] The Fulton State Hospital Superintendent thereafter filed an amended petition to appoint Mark Ostenfeld, the St. Louis Public Administrator, the successor guardian and conservator and to authorize the public administrator to admit the ward to a mental health facility on October 25, 1994. A hearing on the amended petition was held without a jury on January 24, 1995. The court found that the ward remained incapaci-

Thomas Mitchell Dunlap, Fulton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

---

1. The 1960 adjudication was prior to the adoption of the 1983 Probate Code in Chapter 475 RSMo which distinguishes the duties of guardians and conservators.

2. The ward filed writs of mandamus with this court and with the Missouri Supreme Court, requesting that the St. Louis City Probate Court be directed to grant him a jury trial. Both writs were denied.

tated[3] and entered an order appointing Mark Ostenfeld, St. Louis Public Administrator, the ward's guardian and authorized him to admit the ward to a mental health facility. In light of the ward's minimal assets and his past experience in handling his money with the assistance of social workers at the Fulton State Hospital, the court declined to appoint a successor conservator.

In his only point on appeal, the ward argues that the trial court erred in denying his request for a jury trial on the issue of the appointment of the public administrator as the successor guardian and conservator.[4] This appears to be an issue of first impression under the 1983 Probate Code.

The ward relies on the language of § 475.115 RSMo 1994 which states:

When a guardian or conservator dies, is removed by order of the court, or resigns and his resignation is accepted by the court, the court shall have the same authority as it has in like cases over personal representatives and their sureties and may appoint another guardian or conservator in the same manner and subject to the same requirements as are herein provided for an original appointment of a guardian or conservator.

The ward contends that this statute incorporates requirements of § 475.075.8 RSMo 1994 which sets out the "bill of rights" for alleged incapacitated persons in capacity or disability adjudications. Section 475.075.8(2) states:

8. The respondent shall have the following rights in addition to those elsewhere specified: ....

(2) The right to have a jury trial.

Therefore, it is the ward's position that every time a guardian or conservator dies, resigns, or is removed by the court, the incapacitated party is entitled to a jury trial in the determination of the appointment of successor guardians and conservators. We disagree with his broad interpretation.

The primary object of statutory interpretation is to ascertain the intent of the legislature and to give effect to that intent. *Blaine v. J.E. Jones Const. Co.*, 841 S.W.2d 703, 711 (Mo.App.1992). In doing so, the court assumes the words are used in their plain and ordinary meaning. *Id.* A different meaning and effect to a statute cannot be given when its meaning is clear and unambiguous. *Northland Ins. Co. v. Bess*, 869 S.W.2d 157, 159 (Mo.App.1993).

Section 475.075 sets out the procedures for hearings on the issue of capacity or disability and the rights of the alleged incapacitated person in those hearings. One of the rights a respondent has in capacity or disability hearings is the right to a jury trial. The legislature clearly intended to protect this right as a finding of incapacity entails the deprivation of a fundamental liberty. *In re Korman*, 913 S.W.2d 416, 418–419 (Mo. App.E.D.1996). The Missouri Supreme Court has further protected that right by requiring that the waiver of the jury trial be explicit and on the record. *In re Link*, 713 S.W.2d 487, 495 (Mo. banc 1986).

The present case, however, does not involve a determination of capacity or disability. That issue was resolved in 1960 and the court herein can take judicial notice of the previous findings and order of the court in 1960. *Matter of Estate of Voegele*, 838 S.W.2d 444, 446 (Mo.App.1992). The petition in this case only requested that the public administrator be appointed successor guardian and conservator, and that the ward be admitted into a mental health facility.

It is clear that the legislature intended in drafting Chapter 475 of the 1983 Probate Code that the court have the exclusive jurisdiction in appointing guardians and conservators in both original and successive proceedings for several reasons. First, the language throughout Chapter 475 contains references that the "court shall appoint" or the "court may appoint" guardians and conservators. *See* §§ 475.010(3), 475.010(6),

---

3. Although the court received testimony concerning the ward's capacity and made a finding in that regard, such a finding was not requested by the parties and was unnecessary in this proceeding.

4. There were no other applicants for the positions and the ward failed to secure consents to serve from any other person.

475.050.1, 475.062, 475.079.1 & 475.080. No reference is ever made in Chapter 475 that a jury should have a role in the determination. Specifically, § 475.079.1 RSMo 1994 states that:

> If it appears to the court that a guardian should be appointed for a minor who is not incapacitated or if it is found by the jury or the court upon proof by clear and convincing evidence that the person for whom a guardian is sought is incapacitated as defined in this law, **the court may appoint** a guardian of the person. The appointment of guardians of minors shall be made in accordance with section 475.045, except that if a person entitled to appointment as a guardian or entitled to select a guardian fails to appear after notice or to apply for such appointment or make selection in accordance with the order of the court the court may appoint any suitable person as guardian. (emphasis ours)

Second, § 475.050 sets out the eligibility requirements that the "court shall consider" before appointing a guardian or conservator. Practically, a jury could not perform this function and therefore the legislature gave this responsibility to the court. Third, it has been held that when more than one person petitions the court for the appointment to serve as a guardian or conservator, the decision of whom to appoint lies within the sound discretion of the trial court. *In re Estate of Wood*, 852 S.W.2d 867, 868 (Mo.App.1993). We find no case law or legislative authority granting an individual the right to jury trial on the issue of who should be appointed a guardian or conservator. Point denied.

Judgment is affirmed.

SMITH, P.J., and GARY M. GAERTNER, J., concur.